IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jonathan Elijah Large, | No. CV-17-04526-PHX-SPL |
| Petitioner, | **ORDER** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). The Court has received Respondents' Answer (Doc. 12), Petitioner's Reply (Doc. 15), the Report and Recommendation ("R&R") of the Magistrate Judge (Doc. 19), Petitioner's Objections (Doc. 20), the Response to Petitioner's Objections (Doc. 21), and the Reply to the State's Response (Doc. 22). The Court also has before it briefs on Petitioner's Motion to Expand Record (Docs. 11, 14) and Petitioner's Request for Evidentiary Hearing (Docs. 16, 17, 18).

Petitioner raises eight grounds for relief. In Ground One, Petitioner alleges that his sentence was unconstitutional in light of *Alleyne v. United States*, 570 U.S. 99 (2013), and he was entitled to have a jury determine his parole status before the trial court increased his statutory minimum sentence (Doc. 1 at 6). Within Ground One, Petitioner further argues that his constitutional rights were violated because the indictment lacked any reference to A.R.S. § 13-708 (Doc. 1 at 6). In Grounds Two through Eight, Petitioner alleges various claims of ineffective assistance of counsel (Doc. 1 at 7-13). Respondents

argue that Petitioner's Sixth Amendment rights were not violated pursuant to *Alleyne* (Doc. 12 at 16-19), and his ineffective assistance of counsel claims fail because he has not shown either deficient performance or prejudice (Doc. 12 at 14-16). The Magistrate Judge concluded that Petitioner was not prejudiced by the *Alleyne* error (Doc. 19 at 12-13), his claim with respect to the indictment is procedurally defaulted (Doc. 19 at 13-14), and his ineffective assistance of counsel claims fail on the merits (Doc. 14-20).

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b) (1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has undertaken an extensive review of the sufficiently developed record and the objections to the findings and recommendations in the R&R, without the need for an evidentiary hearing or expansion of the record. After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Fine. Specifically, the Court finds all eight of Petitioner's claims lack merit. The Court further finds that the indictment claim is unexhausted and procedurally defaulted.

Having carefully reviewed the record, the Petitioner has not shown that he is entitled to habeas relief. The R&R will be adopted in full. Accordingly,

///

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 19) is **accepted** and **adopted** by the Court;

2. That the Petitioner's Objections (Docs. 20, 22) are **overruled**;

3. That Petitioner's Motion to Expand the Record (Doc. 11) is **denied** as moot;

4. That Petitioner's Motion for Evidentiary Hearing (Doc. 16) is **denied**;

5. That the Petition for Writ of Habeas Corpus (Doc. 1) is **denied** and this action is **dismissed with prejudice**;

6. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable, and because jurists of reason would not find the court's assessment of the constitutional claim debatable or wrong; and

7. That the Clerk of Court shall **terminate** this action.

Dated this 30th day of January, 2019.

Honorable Steven P. Logan
United States District Judge